**BOARD OF COUNTY COM'RS, CREEK CO., v. JENKINS. SAME v. WILLIAMS.**

No. 17416—Opinion Filed Nov. 16, 1926.

Rehearing Denied Feb. 1, 1927.

**Clerks of Courts—Salary of Court Clerks— Special Statute Relating to Rightful Claimant in Election Contest—Duty to Withhold Salary Until Determination of Contest.**

J. was holding the office of court clerk and was voted for at the polls for election of his successor. His opponent, who was shown by the returns to have been elected, qualified and performed the duties of the office and received the salary during the entire term. J. promptly sued such opponent for the office and notified the authorities of the county to withhold payment of salary pending the contest. After the expiration of such term of office, J. was finally adjudged to have been elected and was the rightful claimant of the office. Held, in an action by J. against the board of county commissioners for the salary during such term, under section 129, C. O. S. 1921. specially applicable to such election contest, it was the duty of the commissioners of such county to have impounded or withheld payment of all salary pending such contest, and to have paid same to J. as the rightful claimant of the office after determination of the contest, and their payment of such salary to the de facto court clerk, before such determination, is no defense to such action of J. for such salary after such determination. Said statute excludes such state of facts from the general rule that a municipality is not liable to an officer de

jure for salary paid an officer de facto who performs the duties.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; C. S. Walker, Assigned Judge.

Action by by Wm. M. Jenkins against the Board of County Commissioners of Creek County, and action by H. S. Williams against said board, consolidated. From a judgment for plaintiff in each case. the board appeals. Affirmed.

W. F. Pardoe and Grady Lewis, for plaintiff in error.

Don W. Walker, Don Lewis, and T. L. Blakemore, for defendants in error.

Opinion by ESTES, C. Wm. M. Jenkins had judgment against the board of county commissioners of Creek county for $6,000 for salary as court clerk for the term beginning in 1923 and ending 1924. He was court clerk for the term ending in 1922, and was the candidate of his party in the general election of that year for the same office. Upon canvassing the returns of the election, the county election board issued a certificate of election to Maude C. Elliott, his opponent, who qualified and entered upon the duties of the office on the first Monday in January, 1923, and performed the duties of that office during the remainder of the two-year term, and received the salary amounting to $6,000. On January 11, 1923, Jenkins sued Elliott for the office. and on December 7, 1925, final judgment was rendered in favor of Jenkins against Elliott, adjudging Jenkins to have been duly elected court clerk for such term and entitled to have received the emoluments of the office, and adjudged Elliott not to have been elected. On February 1, 1923. Jenkins notified the commissioners of Creek county that said suit was being instituted and demanded the salary of the office be not paid until the determination of the title to the office. On January 26, 1926, Jenkins filed his claim with the commissioners in writing for salary in the sum of $6,000, and, same being disallowed, he filed the instant action. From a judgment in his favor for the salary, the commissioners duly appeal.

This appeal is to be determined by the construction of section 129, C. O. S. 1921, which is in part:

"Rights of Parties in Contest: If there be a contest over the election, between a person holding an office. who was voted for at the polls for election, and some other competitor for the same office, the one shown by the election returns to have been elected

shall, after qualifying and giving bond as required by law, and on demand, be entitled to the possession of the office, and perform the duties pending the determination of the contest. When the contest is determined, the successful party shall, on qualifying and giving bond, and on demand, be entitled to the office. The salary shall, after the contest is determined, be paid to the rightful claimant of the office, and if paid in fees, the incumbent if defeated in the contest, shall be liable therefor on his official bond to the rightful claimant."

Said statute by its very language is applicable to the facts of this case. Here, Jenkins was holding the office of court clerk and was voted for in the 1922 general election, and his contest was over the election with his competitor for the same office. Elliott was shown by the election returns to have been elected, and was therefore, on qualifying, entitled to the possession of the office and to perform the duties pending the determination of the contest. It was determined that Jenkins was the rightful claimant of the office. Said statute provides that "the salary shall, after the contest is determined, be paid to the rightful claimant of the office." This contemplates and requires that the salary should be impounded, or not paid to either of the parties, until the rightful claimant be determined. It was the duty of the commissioners of Creek county to withhold payment of the salary until this contest was determined. They violated this duty by paying the salary to Elliott who was the de facto court clerk. If the commissioners had perused the statute, no question of paying two salaries for the same term could have arisen. Under this statute no obligation is imposed upon the commissioners to predetermine the rightful claimant to the office—a matter of judicial cognizance. The statute clearly exempts them from this function by simply providing that they shall withhold payment of the salary in this particular matter. Further, this is made plain by the provision that in case the de facto officer is paid in fees, and is defeated in the contest, he shall be liable on his official bond to the rightful claimant. If paid in fees, the commissioners might not control the payment and the statute specifically provides for liability on the official bond to the rightful claimant. The purpose and intent of this statute seems to be that the rightful claimant to such office shall be entitled to the emoluments thereof.

It is contended by the commissioners that

a county is not liable to an officer de jure for salary during the time the office was in possession of an officer de facto, where the salary accruing during such period has already been paid to the latter. This was, in effect, the holding of this court in Stearns v. Sims, 24 Okla. 623. 104 Pac. 44. That case is clearly distinguishable from the one at bar. Said statute was in force when that case was decided. Said statute is not mentioned in said opinion for the evident reason it was not involved. In that case a chief of police had been removed from office by order of the court. Thereafter he was reinstated in office. During the interim, another performed the duties and received the salary. No question of contest over an election was involved. Let it be conceded that the general rule is as contended by the commissioners, and, by the great weight of authority, as held in the Stearns Case. The facts of the instant case bring it clearly within said special statute, which takes this case from operation of the general rule.

It is also contended that the statute of limitation had run against at least a part of the claim of Jenkins. If the claim of plaintiff for salary accrued month by month during the term of office. there might be some merit in this contention. Under said statute, Jenkins could not legally demand the salary until he was adjudged to be the rightful claimant thereto, which was December 6. 1925. His cause of action did not accrue until that time. It is clear that limitation had not barred his claim prior to filing the instant action.

In the companion case consolidated with the Jenkins case, H. S. Williams was county judge at the time of said election, was a candidate for re-election; a certificate of election was issued to Ben Braden, his opponent, who acted as county judge of Creek county for the term of 1923 and 1924, and was paid the salary for said term in the sum of $6,000. Williams served a similar notice on the commissioners and was finally adjudged to have been the rightful claimant to the office, recovering judgment in the consolidated action for said salary. The commissioners present the same questions with respect to the judgment in favor of Williams as in the Jenkins case. The law applicable is stated above.

Let the judgment in each of the consolidated causes be affirmed.

By the Court: It is so ordered.