STATE SENATOR PAYROLL DATE State Senator Mary Helm, having been determined to be the rightful claimant to the office of State Senator, District 46, should be paid a salary beginning on November 21, 1974, the day all other newly elected Senators were administered the oath of office and the day upon which she became entitled to the possession of the office pending a determination of the contests. The Attorney General is in receipt of your request for an opinion, wherein you ask, in effect: Should Senator Mary Helm be placed on the State payroll on December 16, 1974, the day she was administered the oath of office or on November 21, 1974, the day all other newly-elected Senators were administered the oath of office? Article XV, Section 1 of the Oklahoma Constitution provides in relevant part: "Senators and Representatives . . . shall, before entering upon the duties of their respective offices, take and subscribe to the following oath or affirmation. . . ." (Emphasis added) The above constitutional provision was construed in Attorney General's Opinion No. 64-387, wherein the following language appears: "In our judgment the above constitutional provision clearly contemplates that legislators shall take the oath of office before the beginning of their respective terms." We are apprised that delay in seating Senator Helm was occasioned by a challenge filed with the Senate, although she was in possession of a certificate of election to the office. In your request for an opinion you refer to Title 51 O.S. 5 [51-5] (1971), which provides: "If there be a contest over the election, between a person holding an office, who was voted for at the polls for election, and some other competitor for the same office, the one shown by the election returns to have been elected, shall, after qualifying and giving bond as required by law, and on demand, be entitled to the possession of the office, and perform the duties pending the determination of the contest. When the contest is determined, the successful party shall, on qualifying and giving bond, and on demand be entitled to the office. The salary shall, after the contest is determined, be paid to the rightful claimant of the office, and if paid in fees, the incumbent, if defeated in the contest, shall be liable therefor on his official bond to the rightful claimant. When the contest is determined adversely to the occupant of the office, or if the former officer was not voted for for reelection, or does not contest the election, and he shall at once, at the expiration of his term, and on demand, surrender the office to the successor elected, when he has qualified and given bond as required by law, and on his failure to surrender the office he shall be deemed guilty of a misdemeanor, and upon conviction, shall be imprisoned in the county jail not less than thirty days, nor more than six months, and shall be liable to a fine of not less than fifty dollars nor more than three hundred dollars, and each and every week the officer so holds over shall be deemed a separate offense. " In the case of Board of Commissioners of Creek County v. Jenkins, Okl., 252 P. 825, the above section of statutes was construed. In the case, Jenkins was holding the office of Court Clerk and his opponent was shown by the returns to have been elected. Jenkins instituted proceedings against his opponent for the office and notified the authorities of the County to withhold the payment of his opponent's salary pending the contest. Jenkins was finally adjudged to have been elected and to be the rightful claimant of the office. At page 826 of the opinion, the following language appears: "Said statute, by its very language, is applicable to the facts of this case. Here, Jenkins was holding the office of court clerk and was voted for in the 1922 General Election and his contest was over the election with his competitor for the same office. Elliott was shown by the election returns to have been elected and was therefore, on qualifying, entitled to the possession of the office and to perform the duties pending the determination of the contest. It was determined that Jenkins was the rightful claimant of the office. Said statute provides that: "'Salary shall after the contest is determined, be paid to the rightful claimant of the office.' "This contemplates and requires that the salary should be impounded and not paid to either of the parties until the rightful claimant be determined. It was the duty of the Commissioners of Creek County to withhold payment of the salary until this contest was determined. They violated this duty by paying the salary to Elliott, who was the de facto clerk. If the Commissioners had pursued the statute, no question of paying two salaries for the same term could have arisen. Under this statute, no obligation is imposed upon the Commissioners to predetermine the rightful claimant of the office — a matter of judicial cognizance. The statute clearly exempts them from this function by simply providing that they shall withhold payment of the salary in this particular matter. Further, this is made plain by the provision that, in case the de facto officer is paid in fees and is defeated in the contest, he shall be liable on his official bond to the rightful claimant. If paid in fees, the Commissioners might not control the payment, and the statute specifically provides for liability on the official bond to the rightful claimant. The purpose and intent of this statute seems to be that the rightful claimant to such office shall be entitled to the emoluments thereof." (Emphasis added) Under the above cited case, it is clear that Senator Mary Helm is entitled to the salary and emoluments of the office of State Senator beginning on November 21, 1974, the day all other newly elected Senators were administered the oath of office, and the day upon which she was entitled to the possession of the office. Proceedings before the State Election Board, the Oklahoma State Supreme Court, and, finally, the State Senate, have all determined that Senator Helm was the rightful claimant to the office of State Senator, District 46. The ultimate determinations of the various challenges of the election returns in her favor must relate back to the date upon which she was entitled to the possession of the office. She is entitled to the salary and emoluments of the office as of that date. It is, therefore, the opinion of the Attorney General that your question must be answered as follows: State Senator Mary Helm, having been determined to be the rightful claimant to the office of State Senator, District 46, should be paid a salary beginning on November 21, 1974, the day all other newly elected Senators were administered the oath of office and the day upon which she became entitled to the possession of the office pending a determination of the contests. (Michael Cauthron)